28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Diana NEVELL, Defendant-Appellee.
 No. 93-10683.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals interlocutorily the district court's order granting a new trial for Diana Nevell after a jury convicted her of providing contraband to an inmate at a federal correctional institution in violation of 18 U.S.C. Sec. 1791(a)(1), (b)(1). The government claims the district court abused its discretion when it determined, following an evidentiary hearing, that the introduction of peanut M & M's into the jury room warranted a new trial. We have jurisdiction under 18 U.S.C. Sec. 3731, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's order granting a new trial. United States v. Shaffer, 789 F.2d 682, 687 (9th Cir.1986). We give "substantial weight" to a district court's conclusion as to the effect of alleged juror misconduct especially if the court has held an evidentiary hearing. United States v. Armstrong, 909 F.2d 1238, 1244 (9th Cir.), cert. denied, 498 U.S. 870 (1990).
 
 
 4
 "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is 'a reasonable possibility that the extrinsic material could have affected the verdict.' " Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988) (quoting Marino v. Vasquez, 812 F.2d 499, 504 (9th Cir.1987)) (emphasis in Marino ).
 
 
 5
 Here, the jury convicted Nevell of having passed a heroin-filled balloon roughly the size of a peanut M & M to her husband, a federal prisoner, who then swallowed it. Nevell's counsel learned five days after the jury rendered its verdict that the jury had "experimented" with a bag of peanut M & M's before determining that the balloon could have been concealed in the mouth and swallowed under close observation by prison officials. The district court held two separate hearings where two jurors were questioned. One stated under oath that she had lied to the defense attorney when she told him that the jury had used peanut M & M's during its deliberations. The other stated that the jury had in fact experimented with the M & M's before reaching its verdict. The district court granted a mistrial.
 
 
 6
 The government cites numerous cases in which the district court denied a defendant's motion for a mistrial upon evidence of jury misconduct that was arguably more serious than that shown here. None of them persuades us, however, that the district court here abused its discretion by granting a mistrial. Accordingly, we affirm. See Shaffer, 789 F.2d at 687.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3